Please the court. I am David Bremer for Appellant Crown Point. Your Honor, as in Armendaris, this court held that a substantive due process claim may be barred by the explicit protections of the Takings Clause if the challenged governmental conduct is addressed by those protections. Because Lingo holds that the Takings Clause no longer addresses arbitrary or irrational land-use regulation, substantive due process claims against such regulation are again permissible in this circuit under a straightforward application of the Armendaris rule. Counsel, you did not cite the Lingo in the lower court, nor did you file a 28-J letter. Should we consider it? Did you waive that argument? Absolutely not, Your Honor. And why not? The same argument was made here. Afterwards, now we're relying on Lingo, but it's the same issue, it's the same argument, and the issue comes out in our favor under a straightforward application of Armendaris because the Takings Clause does not address arbitrary or irrational land-use regulation, substantive due process claims against such regulation are again permissible in this circuit under a straightforward application of the Armendaris rule. So you'd say that Lingo is just a supplemental authority? I would say Lingo is part of the authority on which this court would rely to reach the conclusion that we're asking for, that substantive due process claims are allowable in this circuit under Graham and Albright and Armendaris. All those decisions hold that a substantive due process claim is permissible in this circuit. A substantive due process claim can be barred if the specific governmental conduct is addressed by an explicit constitutional provision. No constitutional provision addresses arbitrary or irrational land-use regulation. And under Lewis, Albright, Graham, and Armendaris, that means that substantive due process is a proper framework. There's already precedent in this circuit, Your Honor, or there's precedent in this circuit. So let's go to this conclusion. Last month, in Equity Lifestyle Properties, this court was asked to consider whether a rent control ordinance violated substantive due process as applied because it was irrational or arbitrary, and the court had to decide whether that substantive due process claim was properly analyzed under Takings Law or under substantive due process law, and it relied on Lingo and said that it was unconstitutional. The court said that Lingo resolves this issue. The substantive due process claim against an allegedly arbitrary or irrational land-use ordinance was analyzed under traditional substantive due process law. The exact language, Your Honors, is the party's dispute, this is footnote 16, the party's dispute whether Takings jurisprudence governs this challenge, they're talking about substantive due process, or whether its merits turn only upon our due process doctrine. The Supreme Court decision in Lingo v. Chevron answers this question, and then the court quotes from Lingo and concludes that the claim was analyzed on the merits under an irrational or arbitrary standard. And that's all we're asking for, and that's what the precedent requires, Your Honor. I think that case was not cited in your brief, because it's a recent case. Very recent. Did it occur to you to file a 28-J letter? They did. Oh, you did. I missed it. Thank you. So that is supporting precedent for argument, and it's well-grounded, as I said. You look back at all the precedent upon which Armandiris builds, and the own language in Armandiris, it's all premised on the notion that the governmental conduct being challenged is addressed by the explicit patient's provision, and it's not any longer. Now, to get around a straightforward application of Armandiris in this case, the city is asking this court to extend the Armandiris doctrine beyond what it allows. Specifically, what the city is arguing is that Armandiris requires you to always use an explicit constitutional provision, even if that provision has nothing to do with the governmental conduct that you are challenging. Here, they're saying that we should use completely inapplicable taking standards, but they might as well say that we should raise a First Amendment claim or a Fourth Amendment claim, because these constitutional provisions also have nothing to do with the arbitrary or irrational behavior that we are challenging. And for this reason, there is no precedent that supports the city's argument. The precedent says if the challenged governmental conduct, arbitrary and irrational, is addressed, then substantive process claims can be barred. That is not the case any longer after Lingle. Ms. Bringer, I realize that you weren't counsel, I don't think, in the district court. But here's my question. Even if you are correct that Armandiris has been limited to a certain extent by Lingle, that is, a substantive process claim isn't categorically foreclosed any longer, it would seem to me that the prudent thing to do is say that. And ship it back to the district court to flesh out the contours of your claim to consider abstention, stay, and other kinds of issues, because the record simply wasn't developed at all on this issue or others in the district court. What's your reaction to that? And I'll ask the same question. Well, I think it would be proper to remand. I think the district court's holding was rather expansive in saying that substantive process claims are categorically barred, and I certainly don't think that that is a correct ruling, particularly after Lingle. These other issues that weren't raised below should be addressed below, because this claim has to go back in the posture that it is currently in. On remand, in the district court, they'll have a chance to file motions to dismiss on other basis, but this basis, that substantive process claims are categorically barred, excuse me, substantive due process claims based on arbitrary or irrational regulation are categorically barred, cannot stand. Now, if you get a different case where somebody, like the Madison case in this court, where the property owner's complaining about a loss of a right to exclude based on substantive due process, that can still be barred under the armadurus rule, because the takings clause still addresses that. But that's not our claim. If they want to go below and say that that is our claim, they can try, but there's nothing in the complaint that supports that, and I'm saying right now that's not our claim. They can try that. So I agree with you, the proper approach to address some of these potential defenses would be to send it back and let the district court do that. Okay. Do you want to reserve any time? Yes. All right. Thank you, Mr. Reamer. Mr. Davis? May it please the court, counsel. Good morning. My name is Jim Davis. I represent the defendants' appellees in this case, and I will initially begin by addressing the point that's been raised by the court. If, after we had obtained an order on the motion to dismiss, Crown Point had discovered Lingle and come back to the district court judge, essentially on a motion to reconsider, I know it's not called that in federal court, one of the tests is whether the Lingle case was in existence at the time our motion was pending before the court or not. Well, Mr. Davis, let me get your reaction to this. I guess I have been badly burned on that very point in Elder where the Supreme Court made it painfully clear that it's up to the court to get the law right, and this is a pure legal issue. And so I'm wondering why it is that just because one case wouldn't say, I'm not condoning it, I think it's very regrettable that a party in effect sandbags the United States district court by not calling relevant authority to its attention. The Supreme Court pretty much said, eh, too bad. Your Honor, it's hurting my feelings. That was my case. Well, it was mine, too. I had a very embarrassing experience when I got to the Supreme Court. As you know, that was reversed 9-0. I do. I remember it very well. Yes, so I'm not real anxious to go down that route again.  I understand, Your Honor. I think they would be precluded but for this court remanding it back. Do I choose this court to do that? I do not for the reasons that I'm about to advance. And the first is, and I'll be real honest with the court, I've had real difficulty. My time remaining isn't showing at all. I'm sorry. You've got nearly eight minutes. I'm sorry. I've had real difficulty trying to compress down arguments here that would make sense in a short period of time. So if I sound a little scattered, I apologize. I really only have three points I want to make. The first is that Armendariz is controlling here. If you look at the allegations in that case, what happened there was the government was conducting sweeps, essentially, to make it difficult, allegedly, for the property owners to maintain their property and to allow, allegedly, another private party to come in and buy that ground. So what they alleged in the complaint was that the government acted arbitrarily and capriciously. In fact, the court referred to the allegations of the complaint as the raw misuse of power, which is the same nature of allegations that are made here. Because the interest that was affected there was a real property interest, the court said, well, the plaintiff's claim is a takings claim, and that preempts the subsidy due process claim. Well, that's exactly what we've got here. We have an allegation of a raw misuse of power and injury to property, allegedly. Therefore, it's a takings claim, and Armendariz precludes it. It's the same fact, same case. So that's my first point. The second point is that to make the argument they've made, they've had to misconstrue the preemption that was created by the Supreme Court in Albright, and then later interpreted by this court in Armendariz. What they say is you can only have preemption if whatever substantive due process claims there might be are included in the explicit textual constitutional provision at issue. If you look at Albright and Graham, the court doesn't fuss around with what remedies are we foreclosing here, what substantive due process remedies might be available, what could some plaintiff conjure up. Instead, they say, oh, this is a Fourth Amendment case, this is a Fifth Amendment case. We look at that constitutional provision, and we're not going to fuss around with what might be stated. They don't go there. Armendariz specifically rejects that argument. On page 1318 of the decision, and I'm sorry to quote something back to you, but it specifically addresses the point. Even if the city's alleged conduct was clearly arbitrary and unreasonable, having no substantial relation to public health, safety, morals, or general welfare, the plaintiff's substantive due process claim falls because it is preempted. The court didn't say it's included. They simply said, if there is some substantive due process claims out there, it doesn't really make any difference because we have a constitutional provision that specifically addresses the issue. And they very specifically, again in Armendariz on 1325, and again I apologize, it's a very short quote, they specifically deal with this issue. However, Graham does not stand for the proposition that a plaintiff may bring a substantive due process claim whenever his potential claims under more specific provisions of the Bill of Rights fall. Rather, Graham reflects the principle that courts should not expand the constitutional protections afforded by the Bill of Rights in those areas specifically addressed by the first eight amendments. Again, the teaching's clear. The point's clear. You look at what the claim is. If it falls within the Bill of Rights, you use whatever legal standards are applicable there, regardless of whatever claims a plaintiff may not be able to assert as a substantive due process claim. So their argument about way preemption exists within Albright, Graham, and Armendariz is just wrong. It's just flat wrong. The third point that I want to make is that Lingle neither explicitly nor implicitly undermines Armendariz. How much time? If you read Lingle very carefully, the court never once says a substantive due process claim is going to survive now in a takings claim. They never once say that. Where Crown Point goes and where this equity case goes that they've cited, and the earlier district court case that they cited by supplemental citation go, is they look at Justice Kennedy's concurrence. Well, it's a concurrence of one, and he never once says substantive due process is going to survive. What he says, it's possible that it's still going to survive. He cites the eastern equities, which this court had no difficulty distinguishing. Sure. I mean, but putting Justice Kennedy's comment aside, the theory of Armendariz and the theory of our case that begins with an M, whose name I've forgotten, is that the ends mean test is part of the Fifth Amendment taking. And Lingle says, no, that's not right. Your Honor, I think they raise that as sort of an implicit argument. My first argument is that explicitly there's nothing in that case that says substantive due process is going to continue, and I could go through each one of those points. You're right. The majority opinion, in fact, when they're talking about the means end test, they talk about that's an appropriate test in due process analysis, and then they cite County of Sacramento versus Lewis, and that's a case where there was no specific constitutional provision and the Supreme Court had to go to the 14th Amendment to find any basis for the claim. Okay. In addition to the case, the equity case that Mr. Bremer mentioned, we also had the recent case of Spokley in which Judge Willie Fletcher wrote an opinion that dealt that affirmed dismissal of a takings claim, which asserted a substantially advances theory on account of Lingle. And then it went on to discuss separately and independently the substantive due process claim under a clearly arbitrary standard. Now, it didn't squarely say that, but it sure acted as if they were two separate inquiries now. You know, the problem I have is I represent governmental entities every day, and if a governmental employee comes to me and says, Jim, how am I supposed to govern my conduct? I can go to the Fourth Amendment and say, this is what you can do and what you can't do. So when we start analyzing qualified immunity decisions in front of this court later on, you have some specific text that you can say, well, it's clearly established or it isn't. And if we're going to resort to the Fourteenth Amendment again, like we did at Bateson in the old cases, I don't know how to tell my clients what they can and can't do because you can be as creative as you want to be with substantive due process. That, in my view, is why Armendariz was adopted in the first place. Do I have enough time to address the implicit? You have 18 seconds. There is nothing in Armendariz that says we're adopting this rule today because the agent's substantial, whatever it is, rule is applicable to takings. They never say that. And if you look at that first quote that I gave to the court, that's the reason. Thank you very much. Thank you, Mr. Davis. Mr. Bremer, you've got a couple of minutes. I will try and keep it as short as possible. Why don't you just get a piece of paper and hold it up for one minute, two minutes. Okay. I was going to say I will. Just get a piece of paper. I will. I'm sorry. Go ahead, please. Thank you. It is well established that arbitrary and capricious and irrational land use regulation and any other kind of governmental behavior is addressed by a substantive due process claim. The Supreme Court has never, ever repudiated that idea. All the other circuses, as far as I know, allow some sort of substantive due process challenges to arbitrary or irrational land use regulation and other regulation. So governmental entities are well aware that they cannot act in a clearly arbitrary or rational way. So I think my opposing counsel will be able to advise them appropriately on that. The city's argument as to armadillos comes down to this. If you use the word property, if you have real property, you have to use the takings clause. That's scratching out the word property in the due process clause. It says life, liberty, and property. Armadillos didn't hold if you have a real property interest that you have to go to the takings clause in all circumstances. It didn't hold that. It says where an explicit textual provision of the Constitution protected against the area of governmental conduct. The area of governmental conduct here is arbitrary and irrational regulation. Finally, I'll sit down. Elder is controlling. Your Honor is correct. You don't have to cite every possible authority at the district court level with short time limits and quick turnaround to be able to raise that at the circuit courts. Thank you, Your Honor. You could have gone all day without mentioning Elder again. Thank you, counsel, both of you. It's a very helpful argument. We appreciate it. The matter just argued will be submitted.
judges: Nelson, Rymer, Beam